IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-MJ-1103-RN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| EDWARD KUMI ANGUAH | ) | |

This cause comes before the Court on defendant's appeal of a magistrate judge order granting the government's motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2). The government has responded, and a hearing on the matter was held before the undersigned on January 30, 2019, at Raleigh, North Carolina. For the reasons that follow, the Court finds that the government has failed to satisfy its burden to show that it is entitled to a detention hearing pursuant to 18 U.S.C.§ 3142(f)(2) in this case.

## BACKGROUND

Defendant was charged by way of criminal complaint with one count of marriage fraud and aiding and abetting and one count of fraud and misuse of visa, permits, and other documents. 8 U.S.C. § 1325(c); 18 U.S.C. §§ 2 and 1546(a). [DE 1]. Defendant was arrested on January 25, 2019. [DE 3]. On January 28, 2019, defendant appeared before a United States Magistrate Judge for an initial appearance pursuant to Fed R. Crim. P. 5, during which the government made an oral motion for detention. A preliminary and detention hearing were scheduled for January 31, 2019, and defendant was ordered temporarily detained. [DE 7]. On January 29, 2019, defendant filed the instant appeal of the magistrate judge's order granting a detention hearing.

DISCUSSION

A.  Legal standards

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Bail Reform Act of 1984 provides provisions for pretrial detention which "fall within that carefully limited exception." *Id.* Pursuant to the provision of the Bail Reform Act, a detention hearing may be held where the circumstances described in § 3142(f)(1)(A)-(E) are present, or where the matter is one which involves a serious risk that the defendant will flee or a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, intimidate, injure or attempt to threaten, intimidate or injure a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A)-(B). "A [detention] hearing can be held only if one of the six circumstances listed in (f)(1) and (2) is present . . .." *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992). It is the government's burden to establish that it is entitled to a detention hearing by a preponderance of the evidence. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).[1] If the judicial officer finds that the government has satisfied its threshold burden, a detention hearing will be held to determine if the defendant should be released or detained pending trial. 18 U.S.C. § 3142(g); *United States v. Powers*, 318 F. Supp. 2d 339, 341 (W.D. Va. 2004).

B.  Analysis

In its current posture, the Court considers *de novo* whether in this case the government has satisfied its threshold burden. *See* 28 U.S.C. § 636.

The parties agree that the circumstances described in § 3142(f)(1) are not present. Therefore, in order to be entitled to a detention hearing, the government must show that there is a

---

[1] *See also United States v. Coreas-Batres*, No. 18-4924, Order (4th Cir. Jan. 22, 2019) *vacated on other grounds*.

2

serious risk defendant will flee or a serious risk that he will obstruct or attempt to obstruct justice or threaten, injure, or intimidate or attempt to threaten, injure, or intimidate a prospective witness or juror.

In support of its request for a detention hearing, the government offered the testimony of Special Agent Moultis with the Department of Homeland Security.

Agent Moultis testified generally about the marriage fraud scheme alleged and defendant's role in the scheme. Regarding the specific issues for the Court's consideration here, Agent Moultis was unaware that defendant had made any specific threats to any prospective witness or juror. There were no recorded jail calls and no evidence gathered during law enforcement's surveillance of defendant's activities that would support that he had threatened or attempted to threaten or intimidate anyone or otherwise obstruct justice.

Special Agent Moultis did testify that he witnessed defendant "mean mugging," also described as "staring down," other alleged co-conspirators while being held in detention. Special Agent Moultis also described the reaction of an alleged co-conspirator when he was informed that he would be going back to his cell near where defendant was being held; this individual dropped to his hands and knees and begged not to go back. However, this alleged co-conspirator did *not* tell Special Agent Moultis that he had been threatened or intimidated by defendant, even when pressed as to why he did not want to return. Finally, Special Agent Moultis testified that another alleged co-conspirator who is currently on release was recently assaulted and has a black eye, but Special Agent Moultis further testified that he has no evidence to support that the assault was a result of any action by defendant. Without more, the government simply has not established by a preponderance of the evidence that there is a serious risk that the defendant will obstruct or attempt

3

to obstruct justice or threaten, intimidate, injure or attempt to threaten, intimidate or injure a prospective witness or juror.

The government's showing as to whether there is a serious risk that defendant will flee was slightly more compelling, but again failed to satisfy the preponderance standard. Defendant, a naturalized United States citizen, was born and raised in Ghana and has returned to Ghana frequently in the last few years. Special Agent Moultis also testified that they had not located defendant's passport during a search of his apartment. However, defendant remains on active duty in the United States Army stationed at Ft. Bragg, and upon his release will presumably return to his duty station and be governed by the Army's rules of attendance and compliance. Though Special Agent Moultis testified that non-judicial action had been taken against defendant by the Army for failure to comply with orders of his superior officers, this alone is insufficient to demonstrate that the defendant is a *serious* risk of flight, and notably no judicial action has been taken by the Army against defendant for his conduct. Additionally, it appears that defendant is married and that they are expecting their first child in April. For these reasons, the Court finds that the government has not met its burden under § 3142(f)(2)(A).

Accordingly, the Court holds that the government has not established by a preponderance of the evidence that a detention hearing is warranted in this case. The order of the magistrate judge is VACATED and defendant is ORDERED RELEASED. The parties shall notify the Court not later than February 1, 2019 at 12:00 p.m. whether a preliminary hearing is required.

SO ORDERED, this 31 day of January, 2019.

Terrence W. Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE